[No. 15492.  In Bank.—January 25, 1894.]

ROBERT HARRISON, PETITIONER, v. J. B. C. HEB-
BARD, JUDGE, ETC., RESPONDENT.

DISSOLUTION OF CORPORATION—ORDER OF INJUNCTION—JURISDICTION—
PROCEEDINGS IN INSOLVENCY—PROHIBITION.—An order of injunction
issued by the superior court at the commencement of proceedings for
the dissolution of a corporation, enjoining the corporation, and its
agents, attorneys, and creditors, and their agents, attorneys and solicit-
ors from carrying on any litigation, or interfering with the assets of
the corporation, is without jurisdiction; and an attorney for the credit-
ors of the corporation, who, in disobedience to such order, prosecuted
their petition in involuntary insolvency against the corporation is not
guilty of contempt in disregarding the injunction; and a writ of pro-
hibition will be granted to prevent the judge who had issued the order
of injunction from hearing an order to show cause why such attorney
should not be judged guilty of contempt and punished therefor.

APPLICATION for writ of prohibition to J. B. C. Heb-
bard, judge of the Superior Court of the City and County
of San Francisco.

The facts are stated in the opinion of the court.

*Edward R. Taylor*, and *C. W. Cross*, for Petitioner.

*A. Ruef*, for Respondent.

HARRISON, J.—Application for writ of prohibition.

The matters embraced herein are closely connected
with those involved in *State Investment and Insurance
Co.* v. *Superior Court, ante,* p. 135, just decided, and the
facts therein stated need not be here repeated.

The petitioner herein, as attorney for certain cred-
itors, filed in the superior court of the city and county
of San Francisco their petition in involuntary insol-
vency against the State Investment and Insurance Com-
pany, a corporation. The hearing of the petition was
set for the tenth day of June, 1893, in Department Ten
of that court, before Hon. W. H. Levy, judge, and was
continued from that date until July 14th. On the 13th
of July an action was commenced in the same court by
the People of the State against the State Investment

and Insurance Company; and at its commencement the respondent herein, who presided over Department Four of that court, made an order "that until further order in the premises, said defendant corporation, its directors, agents, attorneys, and creditors, and each of them, and their agents, attorneys, and solicitors, and all others acting in aid or assistance of them, be and are hereby restrained from carrying on any litigation, and from interfering with or taking possession of any of the assets of said corporation." When the hearing of the proceedings in insolvency came on before the court in Department Ten, on the 14th of July, the making of this order of injunction was brought to the attention of the court, and of the petitioner herein, but the petitioner disregarded the order and proceeded with the application in insolvency, and obtained from the court in the department in which those proceedings were pending an order adjudging the corporation to be an insolvent debtor. Upon an affidavit of these facts having been brought to the attention of the judge who had issued the order of injunction, he caused an order to be served upon the petitioner herein requiring him to show cause why he should not, on account of those facts, be adjudged guilty of contempt and punished therefor. The present application is to prohibit the respondent from hearing the said order to show cause, or taking any steps thereunder, upon the ground that in so doing the court is proceeding in excess of its jurisdiction. In the *State Investment and Insurance Co.* v. *The Superior Court*, we have held that, in the action brought by the people against the corporation for its dissolution, the statute has not conferred upon the court any authority to take charge or management of the effects of the said corporation; that it has no authority to appoint a receiver *pendente lite*, and that upon the entry of the judgment of dissolution its functions in the action are at an end; and that it has no authority to assume the distribution of the effects of the corporation and the winding up of its affairs. Under these principles it follows that

the order of injunction issued by the court at the commencement of the proceedings for the dissolution of the corporation was without authority, and that the petitioner was not guilty of any contempt in disregarding the same. The subsequent order of the court requiring him to show cause why he should not be punished for violating this order is equally without authority; and it follows that his petition for a writ of prohibition must be granted; and it is so ordered.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J., and BEATTY, C. J., concurred.