[S. F. No. 763.    Department One.—October 1, 1897.]

ERNESTINE KRELING, as Administratrix, etc., of William Kreling, Deceased, et al., Respondent, v. F. W. KRELING, Appellant.

RECEIVER—APPOINTMENT AFTER JUDGMENT—DIRECTION AS TO POSSESSION.— Where a judgment has been rendered directing the defendant to satisfy a particular claim within a specified time, and, in default thereof, that a certain piece of real property described in the judgment be sold and the proceeds applied in payment of said claim, and, if insufficient, that judgment should be docketed against the defendant for the deficiency, the court has no jurisdiction, in an order thereafter made appointing a receiver, to direct him to take charge and possession of any property of the defendant other than that described in the judgment.

ID.—STAY OF EXECUTION—ENTRY OF JUDGMENT.—After the entry of the judgment, although there had been no appeal therefrom, and the defendant had obtained a stay of its execution until after the decision of his motion for a new trial, the court had jurisdiction to appoint a receiver of the land which it directed to be sold, and to give him authority to collect the rents thereof and to hold the same subject to its further order.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing a receiver. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Thomas A. McGowan, F. H. Smithson, J. D. Sullivan, and Herbert Choynski, for Appellant.

H. H. Lowenthal, for Respondent.

HARRISON, J.—The plaintiff seeks by this action to compel the defendant to satisfy an obligation made by her intestate to the Anglo-Californian Bank, and on November 9, 1895, the superior court rendered its judgment directing the defendant to discharge within a specified time certain indebtedness upon two promissory notes held by that bank, upon which a claim had been made by it against the estate of her intestate (and which by an agreement between her and the defendant he had agreed to assume and to release the said estate therefrom); and that in default thereof a certain piece of real property described in the judgment be sold and the proceeds applied in payment of said claim.   The defendant gave notice of his intention to move for a new trial, and upon his motion the court, November 21, 1895, ordered a stay of execution until its decision upon this motion. In February, 1896, the plaintiff made an affidavit to the effect that the defendant had, during the pendency of the action, and prior to the entry of the judgment, transferred and disposed of his property and encumbered the same for the purpose of preventing the enforcement of the judgment, and asked for the appointment of a receiver, and thereafter the court appointed a receiver to take charge and possession of the land directed to be sold, and also of certain personal property described as "the furniture manufacturing business conducted under the firm name and style of F. W. Kreling & Sons, together with all the fixtures, appliances, appurtenances, tools, dues, claims, and demands of any kind and character belonging to said firm of F. W. Kreling & Sons, or in any way connected with said business, and of all the personal property used or employed in or about the said business, and the horses and wagons connected with said business, or standing in the name of F. W. Kreling, the defendant in the above-entitled action."   From this order made after judgment the plaintiff has appealed.

A receiver is an officer or representative of the court, appointed to take the charge and management of property which is the subject of litigation before it, for the purpose of its preservation and ultimate disposition according to the final judgment therein.   As in any particular action the court has jurisdiction over only the property which is the subject of that litigation, that is the only property which it can authorize its receiver to

interfere with or to take into its possession. The appointment of a receiver is classed in our code as one of the provisional remedies in an action, and is sometimes styled an equitable execution before judgment. If he is not appointed until after judgment has been rendered, as in the present case, his functions, either for the purpose of carrying the judgment into effect, or for its preservation until the judgment shall be executed, are limited to the property described in the judgment. By the judgment herein the defendant was directed to make a certain payment of money to the Anglo-Californian Bank, and, in default thereof, the court directed a specified piece of real estate to be sold and the proceeds thereof applied upon such payment, and that, in case of a deficiency in these proceeds, judgment therefor should be docketed against the defendant, upon which execution might issue; and, for the purpose of determining whether a receiver should be appointed, the court was authorized to accept this judgment as a correct determination of the rights of the parties. The affidavit of the plaintiff to the effect that the defendant was putting other property out of his hands, and had disposed of or encumbered his property so as to impair her ability to collect any deficiency judgment there might be, did not enlarge the scope of the judgment or authorize the court to take into its custody, through the agency of a receiver, any property not embraced in the judgment. It must be assumed that the property which the court in its judgment directed to be sold for the purpose of satisfying the obligation of the defendant was the only property which was subject to such sale, and in her affidavit for the appointment of the receiver the plaintiff states that the defendant had transferred the furniture manufacturing establishment to a corporation. To the extent, therefore, that the order appointing the receiver embraced this property, it was in excess of the jurisdiction of the court and void. (*Staples v. May,* 87 Cal. 178.)

It was within the jurisdiction of the court to appoint a receiver of the land which it directed to be sold, and to give him authority to collect the rents thereof, and to hold the same subject to its further order. Although there had been no appeal from the judgment, the defendant had obtained a stay of its execution until after the decision of his motion for a new trial. The

action was still pending in the court, and the power of the court to take the property into its custody that it might be available for the satisfaction of the judgment was not impaired by the mere entry of the judgment.

The superior court is directed to modify the order appealed from in conformity with this opinion.

‾n Fleet, J., and Garoutte, J., concurred.