[S. F. No. 1912. In Bank.—September 4, 1900.]

ALMA A. MURRAY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

INSOLVENT CORPORATION — APPOINTMENT OF RECEIVER—JURISDICTION OF EQUITY—CONSTRUCTION OF CODE.—A court of equity has no inherent power to appoint a receiver of an insolvent corporation merely because of its insolvency, or to wind up its affairs, in the absence of a statutory provision. Section 565 of the Code of Civil Procedure provides only for the appointment of a receiver upon the dissolution of a corporation; and subdivision 5 of section 564 of the same code does not contemplate the appointment of a receiver of an insolvent corporation in an action brought merely for that purpose, but only as ancillary to an action instituted against the insolvent corporation by some one authorized by law to commence it.

ID.—RECEIVER OF LIFE INSURANCE COMPANY—ACTION BY MEMBER—INSUFFICIENT SHOWING—WANT OF JURISDICTION.—The superior court has no jurisdiction to appoint a receiver of a life insurance company organized on the assessment plan under the act of 1891 (Stats. 1891, p. 126), and to take its assets from the control of its directors, at suit of a member thereof, on the alleged ground that its total liabilities exceed its assets, that nearly one-half of its assets are due on policies to deceased members, that the directors have transferred outstanding policies to another company and have ceased to issue policies, and that salaries and expenses are wasting the assets, where there is no showing of fraud or mismanagement, or that the corporation has been dissolved, or has been adjudged insolvent, or has forfeited its right to do business under the act of 1891.

ID.—CONSTRUCTION OF ACT OF 1891—RESTRAINT OF INSURANCE CORPORA-TION FROM DOING BUSINESS—REPORT OF INSURANCE COMMISSIONER—

ACTION BY ATTORNEY GENERAL.—Though it was not the intent of the legislature that corporations organized under the act of 1891 should be exempt from all laws, rules, or decisions under the general laws of the state, yet that act provides a complete remedy by which the corporation may be restrained from doing business, through the machinery provided in section 10 thereof, by proceedings instituted by the attorney general, upon an adverse report of the insurance commissioner after examination into the affairs of the corporation. There is no other method provided in the act by which the authority of the corporation to do business can be revoked.

ID.—VOID APPOINTMENT OF RECEIVER — PROHIBITION — APPLICATION BY JUDGMENT CREDITOR OF CORPORATION.—A writ of prohibition will issue to restrain the superior court from maintaining possession of the assets of an insurance corporation by a receiver whose appointment is void, as being in excess of the jurisdiction of the court, upon application of a creditor of the corporation who has obtained judgment against it, and who has levied an execution upon moneys, credits, and personal property held by the receiver.

PROHIBITION from the Supreme Court to the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, M. E. C. Munday, and Del Valle & Munday, for Petitioner.

D. P. Hatch, Hunsaker & Freeman, and Hunsaker & Britt, for Respondent.

THE COURT.—This is an application for a writ of prohibition against the superior court of Los Angeles county. The petitioner, having obtained a judgment against "The Bankers' Alliance of California," a corporation, had an execution issued thereon, and levied or attempted to levy the writ upon certain moneys, credits, and personal property under the control of one Washburn, who claims to be holding the same as receiver in obedience to the order of the superior court of Los Angeles county, in an action brought by one Jeffries against the said corporation and its directors. The question to be determined here is as to whether the said superior court in said last-named action exceeded its jurisdiction in the appointment of said Washburn as receiver, and ordering him to take charge of the said

moneys and properties. The question will have to be determined by an examination of the complaint in said action. The complaint alleges that the defendant, "The Bankers' Alliance of California," is a corporation organized under the laws of the state of California for the purpose of the mutual protection of the members thereof and the payment of stipulated sums of money to the members, and not for profit, and that it had no capital stock. That the plaintiff, in pursuance of the by-laws and regulations of said corporation, applied for a policy of insurance upon his life, and thereby became and is a member thereof. That the total assets of said corporation is the sum of about ninety-six thousand dollars and no more, and the total liabilities about one hundred and twenty thousand dollars, of which latter sum about forty-six thousand seven hundred dollars is due on policies which were issued on the lives of members who have died. That the said corporation through its board of trustees has entered into an agreement with the "Chicago Guaranty Fund Life Society of Chicago," whereby it has transferred to said society all its interest in all policies outstanding and premiums to become due thereon. That it has ceased to issue policies and to carry on the business and purposes for which it was organized. That the trustees of said corporation are receiving a salary of one hundred dollars each per month, and that it is paying one hundred and fifty dollars per month for offices, and has other large expenses. That unless the court interferes and takes charge of the assets of said corporation they will be wasted and consumed in expenses, and there will be nothing left with which to pay death claims due policy holders. The prayer is that the directors or trustees be enjoined from paying out the funds of the corporation, from interfering with or transacting the business thereof, and that a receiver be appointed to take charge of all moneys and properties and collect all dues, and that all creditors present their claims to the receiver to be by him adjusted and paid. The court made an order enjoining the directors from carrying on the business of the corporation and appointing said Washburn receiver, directing him as such receiver to take charge of all the moneys, property, and assets of the corporation. We think the court did not have jurisdiction, by

virtue of the facts stated in the complaint, to appoint a receiver. The corporation had not been dissolved, and no attempt is made to have it dissolved. It was not sought to have it declared insolvent, or to have its assets distributed among its members. The object and purpose of the action was to take the assets and business from the directors and turn them over to a stranger. It is not sought to remove the directors or either of them, nor is there any allegation of fraud or misconduct as to them or either of them. The court does not possess the power upon the facts stated in said complaint to take the property of the corporation, in this case, where the corporation has not been dissolved nor adjudged insolvent, and in the absence of any charge of fraud or mismanagement of the persons who have been selected by the corporation to manage its business, turn it over into the hands of a third party. The property of a corporation belongs to its stockholders or members, and the corporation, as an artificial person, has the same rights as to its property and the control thereof that an individual would have unless controlled by some express statutory declaration. We find no statute authorizing the appointment of a receiver upon the ground that the corporation is not prosperous, or because its liabilities are greater than its assets. The Code of Civil Procedure contains the following section:

"Sec. 565. Upon the dissolution of any corporation, the superior court of the county in which the corporation carries on its business, or has its principal place of business, on application of any creditor of the corporation, or of any stockholder or member thereof, may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof, and to divide the moneys and other property that shall remain over, among the stockholders or members."

It will be observed that the above section provides for the appointment of a receiver only "upon the dissolution of the corporation." The corporation not having been dissolved it is evident that the section does not authorize the appointment of the receiver. It is said by Beach in his work on Receivers, section 86: "The courts have not the power to appoint receivers to

wind up the affairs of a corporation in the absence of statutory provisions"; and again the same author says, section 425: "Aside from statutory provision insolvency alone is not a sufficient cause for the appointment of a receiver; and mere insolvency will not warrant the granting of such a drastic remedy. A court of equity has not inherent power to appoint a receiver of a corporation because of mere insolvency. . . . . To question the proposition asserted would be to deny the right of stockholders and officers of a corporation to manage and control the company's affairs under ordinary circumstances. Courts of equity have no greater control over the affairs of a private corporation, when it becomes insolvent, than they have over the affairs of an individual."

It is provided in the Code of Civil Procedure, section 564, subdivision 5, that a receiver may be appointed "in the cases when a corporation has been dissolved, or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights."

This court passed upon the particular subdivision of said section in *La Societe Francaise D'Epargnes etc. v. District Court,* 53 Cal. 495, 553, and in the opinion said: "The particular subdivision, however, which is supposed to confer the power in question and to authorize the district court to appoint a receiver of the property of this corporation, is the fifth—being the only portion of the statute in which corporations are named: 'A receiver may be appointed . . . . in the cases when a corporation . . . . is insolvent.' "

"There is, of course, no such thing as an action brought distinctively for the mere appointment of a receiver; such an appointment, when made, is ancillary to or in aid of the action brought. Its purpose is to preserve the property pending the litigation, so that the relief awarded by the judgment, if any, may be effective. The authority conferred upon the court to make the appointment necessarily presupposes that an action is pending before it, instituted by some one authorized by law to commence it. But there is no statute in this state, none to which we have been pointed, which undertakes to confer upon a private person, either as stockholder or creditor, the right to maintain an action to dissolve a corporation upon the ground

that it is insolvent, or to obtain relief by seizing its property out of the hands of its constituted management, and placing it in the hands of a receiver." This construction of the subdivision was followed and approved by this court in Bank in the late case of *Fischer v. Superior Court*, 110 Cal. 141. (See *Neall v. Hill*, 16 Cal. 150[1]; *Fischer v. Superior Court, supra; Havemeyer v. Superior Court*, 84 Cal. 364[2]; *People's Home Sav. Bank v. Superior Court*, 103 Cal. 27; *Harrison v. Hebbard*, 101 Cal. 152.)

It is claimed that as the corporation was organized and doing business under the act of December 19, 1891 (Stats. 1891, p. 126), entitled, "An act relating to health, accident, and annuity or endowment insurance on the assessment plan and the conduct of the business of such insurance," that it is not governed by the general laws or any other statute than the act under which it was incorporated. That section 2 of the act provides that such corporation "shall be subject only to the provisions of this act." We do not think it was the intent of the legislature that corporations created under the act should be exempt from all laws, rules, or decisions under the general laws of the state. The clause quoted relates to the contracts of insurance, the deposit with the state treasurer, the reserve fund, and the investment thereof, and other regulations as to the management and business of such corporation. But if we were to look to the act alone it provides a complete remedy by which the corporation may be restrained from doing business. Section 10 of the act is as follows: "If the insurance commissioner, after examination of the affairs of a corporation, shall find that such corporation is not doing its business in conformity to this act, or that it is doing a fraudulent or unlawful business, or that it is not carrying out its terms of contract, or that it cannot within three months from the date of notice of default pay its obligations, he shall cite the president, secretary, manager, or general agent of said corporation, or all of them, to appear before him (stating the time and place) to show cause why the authority of such corporation to do business shall not be revoked; and, if they cannot show cause,

---

[1] 76 Am. Dec. 508.
[2] 18 Am. St. Rep. 192.

then he shall report the facts to the attorney general of this state, who shall commence proceedings in the proper court to restrain said corporation from doing any further business."

By the provisions of the section the corporation is given the right to be heard, before the insurance commissioner, after being notified.

If, in the opinion of the commissioner, no cause can be shown why the authority of the corporation to do business should not be revoked, he shall report the facts to the attorney general, whose duty it is to commence proceedings to restrain the corporation from doing business. It seems to us that if the corporation "is to be subject only to the provisions of the act" that it would have to be restrained from doing business by the machinery provided in said section 10. There is no other method provided in the act by which its authority can be revoked. In speaking of the act and of this section this court said in *San Francisco Sav. Union v. Long*, 123 Cal. 112: "The act contains no provision in regard to the insolvency of the corporation, but in section 10 a procedure is provided for revoking its authority to do business, when it is carrying on a fraudulent or unlawful business, is not carrying out 'its terms of contract,' or cannot within three months from the notice of default pay its obligations."

It is claimed that the corporation had become insolvent and ceased to do business at the time the receiver was appointed. Section 4 of the act, after providing for the payment of beneficiaries, reads: "Failure to make such payment, within thirty days after notice, at the home office, by mail, as provided by law, of final judgment, unless waiver is made by the beneficiary, shall constitute a forfeiture of the right to do business." It is not alleged that the corporation has, after thirty days' notice, failed to pay any final judgment. The statement in the complaint is: "That a large amount of money is due upon its policies issued upon the lives of its policy holders, and that the holders thereof are clamorous for the amounts due." The writ of prohibition will lie in this class of cases. (*Havemeyer v. Superior Court, supra; State etc. Co. v. San Francisco*, 101 Cal. 135.)

It is ordered that a peremptory writ of prohibition issue to the said superior court of the county of Los Angeles in accordance with the prayer of the petition and the views herein expressed.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.