STATE ex rel. FIRST TRUST & SAVINGS BANK OF BILLINGS, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,605.)

(Submitted January 16, 1915. Decided February 10, 1915.)

[146 Pac. 539.]

*Certiorari — Return — Pleading — Corporations — Receivers — Parties—District Judges—Disqualification.*

*Certiorari*—Affidavit not a Pleading.
1. The only purpose of relator's affidavit in *certiorari* is to move the reviewing court to act; upon the issuance of the writ it becomes *functus officio;* it is not a pleading and not traversable.

[As to persons entitled to prosecute writ of *certiorari,* see note in 103 Am. St. Rep. 110.]

Same—Return—What Does not Constitute.
2. The return in *certiorari* running to a court must be made by its clerk (Rev. Codes, sec. 7205); hence an answer to the averments of relator's affidavit, filed by the judge of the court as his "return," was not such and had no place in the proceedings.

Banks—Receivership—Parties—District Judges—Right to Disqualify.
3. By the appointment of a receiver in aid of a suit by the state against a bank to have it declared insolvent and its business wound up the corporation was not deprived of its right, as a party to the suit, to disqualify the judge before whom it was pending for imputed bias and prejudice, under amended section 6315, Revised Codes (Laws 1909, p. 161).

Receivers—Appointment—Action Pending.
4. An action may not be brought solely for the appointment of a receiver; to justify such appointment there must be an action pending.

[As to when the appointment of a receiver is proper, see note in 72 Am. St. Rep. 29.]

Same—Not Parties to Action Pending.
5. A receiver does not by virtue of his appointment become a party to the action in which, as a matter of ancillary relief, he was appointed.

[As to liabilities of receiver, see note in 120 Am. St. Rep. 277.]

*Ceritorari* by the State of Montana, on relation of the First Trust & Savings Bank of Billings, Montana, against the District Court of the Thirteenth Judicial District in and for the County of Yellowstone, and George W. Pierson, a Judge thereof. Motion to quash writ overruled and order annulled.

*Mr. D. M. Kelly,* Attorney General, and *Mr. J. H. Alvord,* Assistant Attorney General, for Relator, submitted a brief; *Mr. Alvord* argued the cause orally.

*Messrs. Goddard & Clark,* for Respondents, submitted a brief; *Mr. O. F. Goddard* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 10, 1910, the First Trust & Savings Bank of Billings, a domestic corporation, failed to open for business, and the state, one of its creditors, instituted a suit in the district court of Yellowstone county against the bank to have it declared insolvent and its business wound up. The complaint also prayed that a receiver be appointed to take over the property belonging to the bank and to administer the trust fund for the benefit of those entitled to share in its distribution. Such proceedings were had thereafter that on July 14 S. G. Reynolds was appointed receiver and acted as such until July, 1912, when he resigned. Arthur H. Brown was thereupon appointed in his stead and duly qualified, entered upon the discharge of his duties as such receiver, and continued actively until suspended. On November 24, 1914, while the original suit was still pending, and while a large amount of property belonging to the trust estate was still undisposed of, the defendant bank caused to be filed in the district court an affidavit seeking to disqualify Hon. George W. Pierson, one of the judges, for bias and prejudice; but, notwithstanding such affidavit, Judge Pierson on November 27 made an order suspending the receiver, and the bank thereupon secured a writ of *certiorari* from this court to review the order. In response to the writ, the clerk of the district court has certified all the records of the proceedings relating to the order in question. The respondents have moved to quash the writ, and the matter is before us for determination.

We have presented also a document entitled "Return of Respondent George W. Pierson." This is in the nature of

a pleading—an answer to the averments in the affidavit for the writ—but it is not a return and has no place in this proceeding. . The writ of review is issued upon a proper affidavit by a party beneficially interested. (Sec. 7204, Rev. Codes.) The only purpose of such affidavit is to move the reviewing court to act. When the writ is issued, the affidavit becomes *functus officio*. It is not a pleading, and its averments cannot be traversed by any other pleading. The writ commands the party to whom directed to certify a transcript of the proceedings sought to have reviewed (sec. 7206) ; and, if directed to a court, the [2] clerk is ordered to prepare and certify the record to the reviewing court (sec. 7205). The record thus duly certified constitutes the only return which can be made (6 Cyc. 804) ; and the only questions which can be presented for determination to the reviewing court must appear affirmatively from the face of this record. ''The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer, has regularly pursued the authority of such tribunal, board or officer.'' (Sec. 7209.) The document designated the return of the respondent judge must therefore be disregarded.

The question presented by the record is: Did Judge Pierson have authority to suspend the receiver after the disqualifying [3] affidavit was filed? Section 6315, Revised Codes, as amended by an Act of the eleventh legislative assembly (Laws 1909, p. 161), authorizes any party to an action, motion, or proceeding to file with the clerk of the court, in which the same is pending, an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial trial or hearing before a district judge presiding in the court, by reason of the bias or prejudice of such judge. Upon filing the affidavit, the statute in question declares that the judge, as to whom the disqualification is averred, shall be without authority to act further in the action, motion or proceeding, except to arrange the calendar, regulate the order of business, transfer the case to another court, or call in another judge to act. The attorney general, for the respondents, concedes that, prior to the appoint-

ment of the receiver, the defendant bank might have exercised the power conferred by the so-called Fair Trial Law (Rev. Codes, sec. 6315), but that the order appointing the receiver operated to suspend the functions of the bank as a corporation, including its function to sue or be sued with reference to any matter connected with the receivership; and it is argued that, since the bank could not sue, it could not take any action in the pending suit, such as filing a disqualifying affidavit.

The powers and duties of a receiver are enumerated in section 6703 of the Revised Codes as follows: "The receiver has, under the control of the court, power to bring and defend actions in his own name, as receiver, to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the court may authorize." The appointment of a receiver for a corporation invests the receiver with the right to the possession and control of the corporation's assets, and to the same extent suspends the functions of the corporation. Suits with reference to the trust estate must thereafter be prosecuted by the receiver, and, to the same extent that this power is lodged in the receiver, it is withdrawn from the corporation. This is the general rule and sufficient for the purposes of the proceeding now under consideration. (*Boston & Mont. C. C. & S. Min. Co.* v. *Montana Ore Pur. Co.*, 24 Mont. 142, 60 Pac. 991.) But the appointment of a receiver for a corporation does not operate to dissolve the corporation (*Chemical Nat. Bank* v. *Hartford Deposit Co.*, 161 U. S. 1, 40 L. Ed. 595, 16 Sup. Ct. Rep. 439), or to transfer the ownership of the property involved in the receivership. The property still belongs to the corporation, though it is in the hands of the receiver to be administered under the law. (*Rosenblatt* v. *Johnston*, 104 U. S. 462, 26 L. Ed. 832.) Coextensive with the corporation's interest in the property while in the hands of the receiver is its interest in the management of that property by the receiver. In the present instance, the bank is still a party to the original suit in which the receiver was appointed and a

real party in interest. It may object to a report by the receiver
or to a sale or other disposition of the property or any part of it
by him. (*Polk* v. *Johnson* (Ind. App.), 76 N. E. 634.) Neither
did the order appointing the receiver operate to terminate the
action in which the receiver was appointed. That action is still
[4, 5] pending undetermined. It is a well-settled rule of law
that there cannot be such a thing as an action brought dis-
tinctively and solely for the appointment of a receiver. An ac-
tion must be pending before a receiver can be appointed. (Rev.
Codes, sec. 6698.) The appointment is an ancillary remedy in
aid of the primary object of the litigation between the parties.
(*Murray* v. *Superior Court*, 129 Cal. 628, 62 Pac. 191.) Under
our Code, a receivership is classed as a provisional remedy, and
is not frequently referred to as an ''equitable execution before
judgment.'' (*Kreling* v. *Kreling*, 118 Cal. 421, 50 Pac. 549.)
While, for certain purposes, the receiver represents the bank,
he does not do so in the pending suit. He is not in any sense
a party to that action, but is an officer of the court, subject to
its orders and control. The receiver would not be permitted to
file a disqualifying affidavit, and, unless the defendant bank may
do so, we are confronted with the situation where one party—
the plaintiff—may exercise this right of disqualification which
would be denied to the other. But that is not the language nor
the meaning of the provision above. However much the statute
may be abused, however much the courts may be imposed upon
under its sweeping provisions, it is still the law of this state,
binding upon courts and judges, and to be administered accord-
ing to its true intent and purpose.

The very general terms employed by the courts and text-
writers with reference to the authority and control of a court
over a receiver appointed by it have reference always to a court
which does not labor under any disability.

The affidavit in this instance was filed in the pending suit, and
the inhibition of the statute necessarily limited the judge,
against whom the disqualification was averred, to the arrange-
ment of the calendar, the regulation of the order of business,

the removal of the cause to another court, or the calling in another judge to act in his stead. No question is made as to the sufficiency of the affidavit or its timely presentation. The record discloses that, in making the order suspending the receiver after the disqualifying affidavit was filed, Judge Pierson exceeded the authority vested in him. The motion to quash is overruled, and the order is annulled.

*Order annulled.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.