[Civ. No. 4691.   Fourth Dist.   Dec. 20, 1954.]

THEODORE STEINBERG, Plaintiff and Respondent, v.
MAX M. GOLDSTEIN, Appellant; JAMES E. ARDEN,
as Receiver, etc., Respondent.

John D. Chinello and James M. Theusen for Appellant.

Stammer, McKnight & Barnum and L. Nelson Hayhurst for Plaintiff and Respondent.

No appearance for Respondent.

MUSSELL, J.—This appeal is from parts of an order entitled "Order Approving Report and Account of Receiver and Amendment and Supplement thereto, Ordering Defendant to Deliver Property and Pay Money to Receiver, and Instructing Receiver." This order was signed by Judge DeWolf on June 29, 1953, and modified a previous order signed by him in the same action on June 30, 1950.

It is contended by appellant (1) That the order of June 29, 1953, should be reversed for the reason that it was arbitrarily invalid and violative of the order of June 30, 1950; and (2) That the order of June 29, 1953, should be reversed for the reason that Judge DeWolf exceeded his jurisdiction and attempted to deprive Judge Kellas, before whom the case was tried, of his functions and powers as trial judge. Both of these contentions are untenable for the reasons hereinafter stated.

On April 4, 1950, Judge DeWolf appointed a receiver in this action. The appointment was made ex parte and was later confirmed by court order. The receiver, on April 29, 1950, filed a petition for instructions and after a hearing thereon, Judge DeWolf, on May 25, 1950, filed his order containing extensive instructions as to the duties of the receiver and the conduct of the business and affairs of the partnership. On June 21, 1950, appellant filed a motion for an order modifying the order of May 25th on the ground of changed conditions. On June 28, 1950, this motion was heard by Judge DeWolf and a modification of the instructions to the receiver was ordered prepared and submitted to the court before June 30, 1950. Judge DeWolf then, on June 30, 1950, issued an order of instructions modifying the order of May 25, 1950, in many particulars. On October 13th and 16th Judge DeWolf, as presiding judge, ordered the case assigned for trial in department six of said superior court and on October 16, 1950, the trial was commenced in department six of said court, Judge Edward L. Kellas presiding, and was conducted before him for several days. Following this trial Judge Kellas took the matter under advisement and on November 30, 1950, entered his interlocutory judgment decreeing a dissolution of the partnership,

appointing one Brenton B. Bradford as referee, and ordering plaintiff and defendant to produce before said referee all of their books and records relating to all partnership transactions. The referee was empowered to take evidence and examine witnesses and the court reserved jurisdiction to make further findings of fact and conclusions of law.

On January 28, 1953, James E. Arden, the receiver appointed by Judge DeWolf, filed his final report and account and petition for discharge. On March 12, 1953, appellant filed written objections to this final report and on May 7, 1953, the receiver filed an amendment and supplement to his final report and asked for further instruction. Appellant, on May 27, 1953, filed written objections to the final report and amendment thereto and on June 1, 1953, Arden filed his motion for an order amending the order of June 30, 1950, made by Judge DeWolf, by striking from paragraphs 9 and 10 thereof the underlined words in the following:

"9. The said Receiver is hereby authorized to permit the defendant to use the equipment and medical instruments which are on hand at both the Visalia and Fresno offices, and the said defendant shall pay unto the said partnership such reasonable rental for the use of any of the same which are determined to be partnership property from and after June 11, 1950, *as may be fixed and determined by the trial court at the trial of the above entitled action.*"

"10. The Receiver is also authorized to turn over unto the said defendant the medicines, supplies, glasses and expendable and saleable items as may be on hand at the Fresno and Visalia offices as of June 11, 1950, and the said defendant shall pay unto the said partnership, the reasonable value of such of the same as may be determined to be partnership property, *all as may be fixed and determined by the trial court at the trial of the above entitled action.*"

This motion was made upon the ground that it was necessary in order to permit the court to make such orders as might be necessary to permit the payment of the partnership debts, the winding up of the partnership affairs and the termination of the receivership. The motion was heard and granted by Judge DeWolf, who then filed findings of fact and conclusions of law and on June 29, 1953, signed the order from which this appeal is taken approving the report and account of the receiver and amendment and supplement thereto ordering defendant to deliver the property and pay money to the receiver and instructing the receiver.

Appellant argues that under paragraph 9 of the order of June 30, 1950, he was permitted to use certain personal property subject to the agreement that he would pay "unto the said partnership such reasonable rental for the use of any of the same which are determined to be partnership property from and after June 11, 1950, *as may be fixed and determined by the trial court at the trial of the above entitled action*"; and under paragraph 10 of the order of June 30, 1950, he received certain personal property subject to the agreement that he would pay "unto the said partnership, the reasonable value of such of the same as may be determined to be partnership property, *all as may be fixed and determined by the trial court at the trial of the above entitled action*"; that Judge DeWolf by his order of June 29, 1953, struck out the above italicized provisions of the order of June 30, 1950, and then proceeded to declare said personal property to be partnership property and fixed reasonable values and reasonable rentals for use, thereby arbitrarily and retrospectively changing the agreement under which appellant had received and used said property and thereby invaded the functions and powers of Judge Kellas as trial judge in the action.

The general rule is that a personal judgment cannot be entered against a partner in a suit for accounting and settlement until all the partnership assets have been converted into money, the debts paid and a final balance ascertained. (*Hooper* v. *Barranti*, 81 Cal.App.2d 570, 578 [184 P.2d 688]; *Olmo* v. *Olmo*, 56 Cal.App.2d 590, 594 [133 P.2d 866]; *Clark* v. *Hewitt*, 136 Cal. 77 [68 P. 303].) In the instant case there were partnership debts unpaid and the order of June 29, 1953, provided for the reduction of partnership assets to cash in order that the debts might be paid. A final judgment was not entered by Judge Kellas who tried the case and none could be entered until the assets of the partnership were reduced to cash and the debts paid.

The receiver who was appointed by Judge DeWolf is an agent and officer of the court and the property in his hands is under the control and continuous supervision of the court. (*Lesser & Son* v. *Seymour*, 35 Cal.2d 494, 499 [218 P.2d 536].) The court also held in the Lesser & Son case, *supra*, that the main function of the court is to manage or dispose of the estate in the best manner possible and for the best interests of the parties concerned; that to effectually

perform that duty necessarily requires some flexibility and continuity of jurisdiction in giving instructions as to the manner in which the property should be sold to meet exigencies as they may arise. ▪ A receiver merely holds the custody of the property involved in the litigation, in behalf of the court for the real owners thereof, and the court may direct the delivery to the receiver of specific property which is involved in litigation. (*Irer* v. *Gawn,* 99 Cal.App. 17, 31 [277 P. 1053].) ▪ The extent of the property embraced by a receivership is a question the court appointing the receiver has the power and jurisdiction to determine, and it may therefore determine whether any particular property is or is not involved in the action and in the receivership proceeding. (45 Am.Jur., § 143, p. 121.) In *Lesser & Son* v. *Seymour, supra,* 499, the court said:

"We are satisfied that a court in an equity proceeding has the power to change the manner of sale of property in its custody by a receiver appointed by it from that previously prescribed by it in the order directing the sale, and in that connection may make the sale itself although the prior order called for it to be made by the receiver. In effect, the directions in the order of sale with regard to the manner in which it should be made, are merely instructions to the receiver—his procedural directions. They do not go to the substantive rights of the parties."

▪ In the instant case Judge DeWolf appointed the receiver herein and had power to modify his orders in procedural matters not interferring with the trial of the action on the merits. The changes made in the order of June 30, 1950, were to permit the receiver to pay the debts of the partnership and make a final report concluding his receivership so that Judge Kellas, who tried the case, could render his final judgment after the referee appointed by the interlocutory decree had taken and stated an account of the partnership dealings. Judge DeWolf has made no determination of any rights as between the parties or as to the disposition of the property and has not entered a final judgment on the merits. ▪ The appointment of a receiver before judgment is ancillary to and in aid of the action. Its purpose is to preserve the property pending the litigation so that the relief awarded by the judgment, if any, may be effective. (*Murray* v. *Superior Court,* 129 Cal. 628, 632 [62 P. 191]; 22 Cal.Jur. 433.)

▪ Appellant argues that Judge DeWolf exceeded his

jurisdiction and attempted to deprive Judge Kellas of his functions as a trial judge. (Citing such cases as *DeMund* v. *Superior Court,* 213 Cal. 502, 504-506 [2 P.2d 985]; *Guardianship of Sullivan,* 143 Cal. 462, 467 [77 P. 153]; *McAllen* v. *Souza,* 24 Cal.App.2d 247, 250 [74 P.2d 853]; *City of Long Beach* v. *Wright,* 134 Cal.App. 366, 370 [25 P.2d 541]; *In re Williams,* 52 Cal.App. 566, 569 [199 P. 347].) These cases hold that a party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury. However, in the instant case the amendment of the instructions previously given to the receiver by Judge DeWolf was not a trial of the case on its merits and merely controlled the procedure by which the property was made subject to the payment of partnership debts in order that the trial judge could determine the rights of the parties and render judgment upon the merits. In *Williams* v. *Superior Court,* 14 Cal.2d 656, 663 [96 P.2d 334], it is held that if one department of a court exercises authority in a matter which might properly be held in another, the action constitutes at most an irregularity and does not affect the jurisdiction; that jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; that whether sitting separately or together, the judges hold but one and the same court; that where a proceeding has been duly assigned for hearing and determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. Here, the action of Judge DeWolf did not interfere with the exercise of the powers of Judge Kellas but was in aid thereof and appellant was not prejudiced thereby.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1955. Edmonds, J., and Carter, J., were of the opinion that the petition should be granted.