[Civ. No. 5351. Fourth Dist. Nov. 8, 1956.]

THEODORE STEINBERG, Plaintiff and Respondent, v. MAX M. GOLDSTEIN, Appellant; JAMES E. ARDEN, Receiver and Respondent.

Matt Goldstein and John D. Chinello for Appellant.

Stammer, McKnight & Barnum and L. Nelson Hayhurst for Respondents.

COUGHLIN, J. pro tem.*—This is an appeal from an order upon a petition by a receiver requesting instructions.

The plaintiff and defendant are licensed physicians and surgeons. In 1947, they formed a partnership to engage in the practice of medicine and surgery with principal offices in the city of Fresno, California.

On April 4, 1950, the plaintiff commenced this action for a dissolution of the partnership, an accounting, the appointment of a receiver, and damages. The plaintiff alleged that, without his consent, the defendant "opened an office *for himself*" in Visalia, using partnership funds to equip and pay its expenses. In his answer, the defendant alleges that the *partnership* opened the Visalia office, with the consent of plaintiff, and admits that partnership funds were used to "equip . . . and to pay expenses" of this office. During all of this time the partners were maintaining an office in Fresno.

A receiver was appointed forthwith. By order dated June 30, 1950, at which time the parties were maintaining separate offices and practicing their professions separate and apart, the receiver was instructed to make an inventory of "all assets of the partnership" and "to permit the defendant to use the equipment and supplies" which were on hand in both the Fresno and Visalia offices; the defendant was to pay *"unto the said partnership"* the rental of such equipment and the market value of such supplies as may be determined to be partnership property at the trial of the action on the merits.

The defendant remained in possession of these offices, using the equipment and supplies as needed.

On November 30, 1950, the trial court, in another department, entered an interlocutory judgment decreeing the dissolution of the partnership, appointing a referee to effect an accounting between the parties and reserving jurisdiction to proceed in accordance with law.

Thereafter, in a report and accounting filed by him, the receiver alleged that he had taken possession of the Fresno office together with the equipment and supplies therein, which he described as "property of the partnership" and delivered the same to the defendant. He also alleged that he had taken possession of the equipment "lease, supplies and other property in the medical office operated by the defendant at Visalia"; had delivered the same to the defendant on June

---

*Assigned by Chairman of Judicial Council.

12, 1950, after making an inventory thereof; and that the defendant accepted and used the same but had made no payment on account thereof. In this report the lease of the Visalia office was specifically described. It was stated that the defendant had collected rentals from a subtenant. Also, that there had been no decision on the merits as to whether the property in the Visalia office, the lease, or the rental from the subtenant were partnership property.

After a hearing on this report the trial court made findings of fact together with an order dated June 29, 1953, resulting in the following adjudications:

(1) Modified the order of June 30, 1950, by striking therefrom the provisions postponing, until a trial upon the merits, a determination of the amount to be paid to the partnership for the use or consumption of partnership property;

(2) Required the defendant to pay the receiver the market value of the Fresno office supplies;

(3) Directed the defendant to deliver to the receiver all the equipment in the Fresno office together with a specified rental, or pay the receiver a specified market value therefor, with interest from June 12, 1950;

(4) Found that the allegations in the report of the receiver with respect to the Visalia office, with certain minor exceptions, were true; that the reasonable value of the equipment in that office was the sum of $1,992.67; that the reasonable value of the consumed supplies was $944.18; and that the defendant had collected rental for the period of March 15, 1950, to June 12, 1950, in the sum of $362.50, and declared that the court reserved "jurisdiction to provide for the disposition" of the lease of this office, the rental collected by the defendant from the subtenant and of any property not disposed of by the current order, "or to charge or credit the reasonable rental value or the reasonable market value thereof on June 12, 1950, as found by this court, in its final decree on the merits in this action or by a further order in this receivership, as the court may deem proper."

On appeal by the defendant the order of June 29, 1953, was affirmed by this court (*Steinberg* v. *Goldstein*, 129 Cal. App.2d 682 [278 P.2d 22]).

On October 24, 1955, the receiver filed a petition for further instructions with respect to the equipment, supplies, rental collected from the subtenant and the lease of the Visalia office.

After notice, there was a hearing upon this petition

in which all parties participated. The defendant contended that the partnership character of the property in question should not be determined in the receivership proceeding. With respect to this matter, the court made the following statement:

"Well, gentlemen, I am of the opinion that this court not only is not going to determine what is and what is not partnership assets but that to do so would be exceeding the power of this court in operating a receivership. . . ."

Thereafter the court made its "order of instructions" and, amongst other things, decreed:

■ That the defendant deliver to the receiver the equipment in the Visalia office. (This property was specifically described, and its rental and market value, in the amounts previously determined, were set forth.)

■ That the defendant pay the receiver the rental accruing since June 12, 1950, for the use of said equipment.

■ That, in lieu of delivering the equipment to the receiver and paying the rental in question, the defendant, at his option, may pay to the receiver the market value thereof.

■ That the defendant pay to the receiver the market value of the consumed supplies, and the $362.50 rental collected from the subtenant.

■ That at such time as the defendant had "done and performed the things required of him by this order" the receiver was authorized to assign to him the lease of the Visalia office, provided he executed an agreement assuming its obligations and indemnifying the receiver and the plaintiff against loss, otherwise the lease is to be sold.

From the order so made the defendant has appealed, contending that the property in question never has been in possession of the receiver, that he was not required to pay rental on the equipment, or the market value of the supplies, until it was determined that the equipment or supplies were partnership property, that he was not given notice that the issues decided by this order would be considered at the hearing on the receiver's petition for instructions, and that the trial court was without jurisdiction to make its order with respect to the lease and the rental collected from the subtenant.

Contrary to the contention of the defendant, the record establishes that the receiver had taken possession of all of the property in question. The findings of fact supporting the order of June 29, 1953, were introduced in evidence and are proof that the receiver had taken possession of the equip-

698

ment "lease, supplies and other property in the medical offices operated by the defendant at Visalia"; that he delivered the same to the defendant after making an inventory thereof; and that the defendant accepted the same pursuant to the court's order.

■ These findings were within the issues presented for determination at the prior hearing, and are res judicata (Code Civ. Proc., § 1908; *Kline* v. *Mohr*, 142 Cal. 673, 678 [76 P. 650].)

Under the order of June 29, 1953, jurisdiction to make further provision in the receivership proceedings with respect to the property in the Visalia office was reserved.

Two conclusions are apparent: The receiver has had possession of this property, and it has been subjected to the jurisdiction of the court in the receivership proceedings.

The order appealed from directs the defendant to return to the receiver the equipment in the Visalia office. ■ The purpose of a receivership is the preservation of property which is the subject of litigation pending its disposition according to the judgment entered. (*Kreling* v. *Kreling,* 118 Cal. 421, 422 [50 P. 549]; *North* v. *Cecil B. De Mille Productions, Inc.,* 2 Cal.2d 55, 58 [39 P.2d 199].) ■ To this end, the court may direct the receiver to take and keep possession of such property. (Code Civ. Proc., § 568; *Irer* v. *Gawn,* 99 Cal.App. 17, 31 [277 P. 1053]; *North* v. *Cecil B. De Mille Productions, Inc., supra; Steinberg* v. *Goldstein, supra.*) ■ In the instant case, the order requiring the return of the equipment to the receiver was a legal exercise of the court's discretion in the premises. Over six years have transpired since the defendant was given permission to use this property. No rental has been paid to the receiver during this time. The depreciation of property while in use is a factor to be considered by those charged with its preservation.

The order of June 30, 1950, instructing the receiver to permit the defendant to use the equipment and supplies at the Visalia office, stated that he should pay the *partnership* for the use or consumption of such part thereof as may be determined to be partnership property. No provision was made with respect to payment by the defendant to the *receiver*.

The order now before this court did not modify any previous order directing the defendant to pay the *partnership* for the use or consumption of its property. On the other hand, the order of June 29, 1953, which is final, did deter-

mine the reasonable rental value and the reasonable market value of the equipment and supplies in question, and reserved jurisdiction to provide for the disposition thereof, or to charge or credit such rental or market value either in a final decree, or by a further order in the receivership. The defendant's further use and possession of the equipment and supplies was continued with knowledge of this latter order.

The trial court now has decided that, in the interest of good management, it is best to require the defendant forthwith to pay the *receiver* the rental now due upon the equipment and the market value of the supplies consumed. ■ The property subjected to the receivership is under the control and continuous supervision of the court (*Lesser & Son* v. *Seymour,* 35 Cal.2d 494, 499 [218 P.2d 536].) ■ The authority to collect rent is vested by statute. (Code Civ. Proc., § 568.) Whether that authority should be exercised is a discretionary matter (*Bank of Woodland* v. *Heron,* 120 Cal. 614, 617 [52 P. 1006].) ■ In the case at bar, the protracted trend of the litigation, the depreciating nature of the equipment, the ever present hazard of an individual's insolvency and the allegations in the defendant's answer that partnership funds were used to pay for the equipment and expenses of the Visalia office, all are factors in support of the order requiring the defendant to make the payments in question forthwith. At a hearing upon the merits the trial court will determine what part, if any, of the monies paid to the receiver shall be credited to the partners as proceeds from partnership property and what part, if any, shall be credited to the defendant as proceeds from his individual property.

■ The fact that the order gives the defendant the option of paying the market value of the equipment, in lieu of returning the property and paying the rental found due, is something about which he cannot complain.

The defendant contends that he was not given notice that the receiver's petition for instructions might involve an order requiring him to pay any monies or do any act.

■ In his petition the receiver referred to the former order of the court reserving jurisdiction "to provide for the disposition of the equipment, supplies, rental collected from the subtenant and the lease" which said lease is alleged to be "an asset of the partnership . . . and which said asset your receiver has not received, nor reduced to possession or

disposed of,'' and reported that the value of the consumed supplies was uncollected. He stated that he was anxious to wind up and terminate the receivership but was unable to do so unless the above-mentioned assets were liquidated or disposed of, and asked the court to instruct him with respect to the liquidation and disposition thereof.

It is the opinion of this court that the contents of the petition for instructions fully advised the defendant of all issues presented to and passed upon by the trial court.

The receiver took possession of the Visalia office and delivered it to the defendant on June 12, 1950. Until that date the defendant was in possession by virtue of his rights as an individual owner or as a member of the partnership. For the period between March 15, 1950, and June 12, 1950, he collected rentals from a subtenant. ▮▮ As these rentals were collected before the receiver had taken possession of this office, it follows that they are not proceeds from receivership property. They will be the subject of an accounting between the partners which must be settled pursuant to the interlocutory judgment of another department of the trial court.

The final objection by the defendant to the order under consideration concerns that part thereof which directs an assignment of the lease to him upon condition that he comply with all other parts of the order and execute an agreement of assumption and indemnity or, in the event he does not comply, to sell the lease. ▮▮ A court has authority to direct a receiver to sell the assets of a partnership, including a lease, if such action is necessary to preserve these assets for disposition under a judgment on the merits (*Wulff* v. *Superior Court*, 110 Cal. 215 [42 P. 638, 52 Am.St.Rep. 78].) In this case the evidence does not indicate such necessity. No value is placed upon the lease. Whether it is a partnership asset has not been decided. The need for liquidation in order to pay debts or expenses is not present. In his petition the receiver reported that he has partnership funds on hand. He does not report any unpaid debts.

It appears that the trial court was acting under the mistaken belief that all of the assets subjected to the receivership must be liquidated by the receiver preliminary to a trial of the case on the merits. ▮▮ It is true that, in an action seeking dissolution of a partnership and an accounting, as a general rule, partnership assets are liquidated prior to a final judgment (*Hooper* v. *Barranti*, 81 Cal.App.2d 570, 578 [184 P.2d 688].) However, there are exceptions to this rule.

(*Shuken* v. *Cohen,* 179 Cal. 279, 283 [176 P. 447].) ■ More-over, before decreeing a sale of any property for the purpose of winding up partnership affairs, the court hearing the action on its merits should determine first whether such property is a partnership asset.

The receiver in this case should file a report setting forth the property subjected to the receivership which remains in his hands. Thereupon, the court could decide the action on the merits, determining the extent of the partnership assets, settling an account between the partners, directing a sale of the assets, if such a procedure is indicated in order to pay partnership debts or give effect to the settled accounting, distributing whatever assets remain, and, thereafter, if the law and the facts require such action, render a personal judgment in favor of one partner against the other.

The part of the order appealed from which requires the defendant to pay the receiver the sum of $362.50 as rental from the subtenant and instructs the receiver to assign the lease to the defendant upon his compliance with certain conditions, otherwise to sell the same is reversed. In all other particulars the order is affirmed.

Each party will pay his own costs on appeal.

Barnard, P. J., and Griffin, J., concurred.