[S. F. No. 3594.   Department Two.—April 2, 1904.]

GEORGE W. KLINE, Plaintiff in Interpleader, v. HENRY MOHR, Respondent, and H. I. KOWALSKY, Appellant.

INTERPLEADER BY BAILEE—PLEDGE OF NOTE WITHOUT NOTICE OF PART INTEREST—FORMER ADJUDICATION—ENFORCEMENT OF PLEDGE AGAINST PART OWNER.—In an action of interpleader brought by a bailee of moneys paid by the maker of a note, between one who took as pledgee of the note from the payee and one who claimed as owner of a part interest in the note held by the payee, a final judgment in a former action by the pledgee to enforce the pledged note, and other notes, in which such claimant of a part interest intervened to enforce his rights against the pledgee, and in which the court found that the pledgee took from the payee without notice of such part interest, and held the whole note as security for other notes for sums in excess of the whole amount found due upon the pledged note, and that such claimant was entitled to nothing as against the pledgee on account of the amount found due thereon against the maker, is *res adjudicata* as between the pledgee and such claimant.

ID.—APPEAL FROM JUDGMENT—COMPROMISE OF PLEDGEE WITH MAKER—PAYMENT OF LARGER SUM.—Where the judgment became final as between the pledgee and the part owner, the latter cannot claim any interest in a compromise made between the pledgee and the maker of the note by which, in consideration of a dismissal of an appeal by the pledgee as against the maker, the maker paid an amount in excess of the judgment in favor of the pledgee against the maker.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.   Further facts are stated in the case of *Mohr v. Byrne*, 132 Cal. 251, 252, and 135 Cal. 88-90.

A. A. Sanderson, and Weil & Lippitt, for Appellant.

Aylett R. Cotton, for Respondent.

Lloyd & Wood, for Plaintiff in Interpleader.

CHIPMAN, C.—The following statement is taken from appellant's brief as giving substantially about all of the

conceded facts which are essential to a comprehension of the controversy:—

"This is an appeal in an interpleader suit from a judgment on the pleadings, and the sole question involved is whether certain findings made by the court, in an action referred to as No. 57,169 in respondent's answer and cross-complaint, is a bar to appellant's case. The appellant herein attempted to reach this point by a motion to strike out the facts constituting the plea of *res adjudicata,* which was denied by the lower court, and upon the appellant's failure to deny the facts constituting said plea in his answer to the cross-complaint, judgment was given on the pleadings.

"In order to make the rather involved facts in this case clear and to present them in chronological order, it will be necessary to begin with the facts as shown in the action referred to as No. 57,169.

"It appears that one Kate C. Perry, on November 9, 1892, made and executed a note to Solomon Ephraim for $12,000, and that on November 15, 1892, the appellant, Henry I. Kowalsky, bought a half interest in said note. Ephraim, however, retained possession of the note, and thereafter indorsed it to the respondent, Henry Mohr, to be held by said Mohr as security for a $2,000 note made by Ephraim and Kowalsky to said Mohr. That from time to time thereafter, and up to 1894, Ephraim borrowed additional sums of money from Mohr and gave his individual notes therefor, and agreed verbally with him that said $12,000 note should be held to secure the later notes given by him to Mohr. These later notes amount in all to $7,050, besides interest.

"In the mean time respondent Mohr had loaned certain sums of money to Mrs. Perry, the maker of the $12,000 note, and took her notes therefor, and on the sixth day of November, 1896, filed an action referred to as No. 57,169, in which he sought to enforce the payment of the $12,000 note and the other notes which he held of Mrs. Perry. The aggregate amount of the notes involved in the action, including the $12,000 note (held by Mohr as security for the $7,050 first above referred to), was $27,300. Kowalsky intervened in said action, and alleged that he was the owner of a one-half interest in the $12,000 note; that Mohr at the time he received

said $12,000 note as security took with notice to his (Kowalsky's) rights, and, accordingly, prayed for a half of said note.

"It appeared from the evidence adduced in that case that Ephraim had given but $4,000 to Mrs. Perry, and had received a $12,000 note in consideration thereof, and the court held, on these facts, that but $4,000 and no more should be recovered on the $12,000 note. The court also found that Mrs. Perry was entitled to a set-off of $2,713, besides interest against said $4,000, said sum being the amount of two notes theretofore made by Ephraim to one Giannini, and transferred by said Giannini to Mrs. Perry before she had notice of the transfer of the $12,000 note to Mohr. The court also found that Kowalsky and Ephraim were indebted to Mohr on a [the] $2,000 note (above stated). The court also found that Ephraim was indebted to Mohr on [the] other notes made by him individually, subsequent to the $2,000 note, which aggregated $7,050 (as above stated), besides interest, and that Ephraim and Mohr had agreed that Mohr should hold the $12,000 note to secure payment of these individual notes of Ephraim. It also found that Mohr took said $12,000 note without notice of Kowalsky's interest, and on these findings ordered judgment that Kowalsky was entitled to nothing of the $4,000 allowed on the $12,000 note. The other notes which had been given by Mrs. Perry to Mohr were in the same situation as the $12,000 note, and were scaled down by the court to the amount which had been paid for them, and whereas Mohr had prayed for a judgment of some $27,300, he only obtained a judgment for $10,317.74.

"Mohr and Kowalsky appealed, but the appeals were dismissed as to Mrs. Perry, and affirmed as between Mohr and Kowalsky, and the judgment in No. 57,169 thereupon became final. (See *Mohr* v. *Byrne*, 135 Cal. 87.) It further appears, however, that in consideration of the dismissal of the appeal against Mrs. Perry by Mohr, he received a sum of money largely in excess of the amount of the judgment in the way of a compromise of his claim, to wit: the sum of $21,250. This was long after the judgment had been rendered in the lower court (and while the appeal was pending in the supreme court), so that instead of receiving $10,317.74 from Mrs. Perry, respondent Mohr was to receive $21,250. (Mohr dis-

missed his appeal in consideration of the compromise. Kowalsky had dismissed his appeal previously.)

"Of this $21,250, $10,000 was placed in the hands of the plaintiff Kline to await adjustment of a controversy between Mohr and Kowalsky, and Kline being unable to determine which of the parties was entitled to the money, filed this action, praying that said parties be required to interplead.

"The defendants Mohr and Kowalsky filed their respective pleadings, Kowalsky alleging that he was entitled to $6,000 and interest as the owner of one half of the $12,000 note, and that Mohr took the same with notice of his rights, while Mohr pleaded the judgment of the former action, No. 57,169, and claims therefrom that while it was found that Kowalsky was the owner of one half of said $12,000 note, it also found that Mohr took said $12,000 note as security without notice of Kowalsky's rights, and that it was agreed that he should hold it for an amount exceeding the $12,000, which were conclusive as to the questions involved in the interpleader suit. The making of these findings in the prior action was not denied by Kowalsky and judgment was given on the pleadings, so that the sole question is whether the findings that Mohr took without notice of Kowalsky's right, and that he held said $12,000 note to secure the later individual notes of Ephraim, are *res adjudicata* in this action. If it be so, the judgment herein should be affirmed; otherwise it must be reversed."

Appellant, Kowalsky, concedes that the judgment in the action No. 57,169, for $4,000, remains in full force and was final against Mrs. Perry; he also concedes that the $12,000 note was subject to the set-off of Mrs. Byrne, and he also concedes his liability for $2,000, and hence, if this were all of the case, it is clear that it was properly and finally determined that Kowalsky had no interest in the $12,000 note. But he claims that the further findings of the court in that action, that Mohr held this $12,000 note to secure the other notes above enumerated, and that when Mohr took them he had no notice of Kowalsky's interest in the said security note, were not necessary findings in the case, and the court had no right to further find and decide as to these notes. It is hence urged that Kowalsky had the right to have his inter-

est litigated "in the surplus money received by virtue of the compromise after the judgment was entered in case No. 57,169," and that this right "cannot be barred by the judgment in that case." Cases are cited to the effect that only such facts found as are sufficient to uphold the judgment conclude the parties; that the finding of any fact on which judgment is not based is not *res adjudicata,* although it may have been litigated and found in the prior action. To the point that the compromise was consummated subsequent to the rendition of the judgment in case No. 57,169, and hence that Kowalsky's rights were not affected by it, *Thrift* v. *Delaney,* 69 Cal. 188; Jones on Evidence, sec. 619; Freeman on Judgments, sec. 329, are cited.

In Mohr's action, No. 57,169, he sued to recover from Byrne, Hinckley, and other defendants, for $27,300 and interest on certain five notes above referred to,—namely, for $12,000, $7,000, $3,500, $2,300, and $2,500, respectively. These notes were secured by an agreement between Hinckley (then Blythe) and Byrne (then Perry) dated March 12, 1892, the former assigning to the latter a certain interest in the Blythe estate. These notes, however, were scaled down at the trial, to correspond with the consideration paid, respectively, as follows: $4,000, $3,500, $875, $1,150, and $1,250. Kowalsky was not a defendant to that action originally, but intervened with a claim to the ownership of one half of the $12,000 note. The court found that Byrne was liable only for $4,000 of this note and interest, against which she had a valid offset of $2,713 and interest. The court also found that Kowalsky owed Mohr the $2,000 note mentioned in the findings with interest. After deducting Byrne's offset from the $4,000 allowed on the $12,000 note, there remained but $1,287, which did not cover the amount due from Kowalsky to Mohr, and hence Kowalsky could take nothing by his intervention. In Mohr's action, No. 57,169, he sued also to recover on certain other notes, including Kowalsky's, which the court found were secured by this $12,000, the principal of which aggregated $9,050, and which the court found were held by Mohr so secured without notice of Kowalsky's claim on this note. As to this finding Kowalsky claims that it was not necessary to the judgment; that when the court found that less than $2,000 could be recovered on the $12,000, and

that Kowalsky owed Mohr over that amount, the further finding as to Mohr's interest in the $12,000 note was beyond the power of the court, and "the question of what Kowalsky's rights would have been in case more than $2,000 was recovered on the $12,000 note, became a moot question, and the findings thereon could not in any wise bind Kowalsky."

We cannot agree with the appellant in this contention. The issue of Mohr's entire interest in this note was directly raised by Mohr's complaint and Kowalsky's intervention. The eight notes claimed by Mohr and found by the court to be secured by the $12,000 note, including Kowalsky's note for $2,000, constituted Mohr's claim upon that note, and he was entitled to a finding not only as to Kowalsky's note but the others also. The finding of Mohr's interest in the $12,000 note cannot be said to have related to the Kowalsky note alone any more than to any one or all of the other seven notes, for Kowalsky challenged Mohr's right as to all the notes. The finding, we think, was not only proper but was demanded under the issues, for Mohr had the right to have his entire interest in the $12,000 note determined, and this finding cannot now be divided to accommodate the claim of appellant. The question raised by Kowalsky's intervention was as to Mohr's interest in the $12,000, to which Kowalsky made claim for one half, and this involved Mohr's right to hold this note as security for the payment of all of the eight notes. As the findings were within the issues, the judgment thereon became final and was *res adjudicata* as to the facts found. As we hold against appellant as to the effect of the findings, there would seem to be no necessity for pursuing the matter of the compromise. Respondent shows quite clearly in his cross-complaint that under the admitted findings of the court as to Mohr's right to hold the $12,000 note as security, appellant could by no apportionment of the $21,250 agreed to be paid on compromise be entitled to anything, if indeed he had any interest whatever in the subject of the present action, which may well be doubted. When Mohr made his compromise with Byrne, Kowalsky's appeal had already been dismissed as to her. Mohr's compromise was a matter wholly between him and Byrne, after which he also dismissed his appeal as to her. Kowalsky was in no wise concerned in this compromise,

nor was he affected or benefited by it. As between him and Mohr their respective rights to the $12,000 had been finally adjudicated.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Lorigan, J., McFarland, J., Shaw, J.