CARY ELLIS AS MARSHALL OF THE CITY OF PENSACOLA, *Plaintiff in Error,* v. CHRIS THIESEN, *Defendant in Error.*

An ordinance that requires the establishment of privies in "every house and building * * * however used or occupied," and requires compliance with the provisions of the ordinance within fifteen days after the date of a notice from the Commissioner of Health, "or within such further time as the Commissioner of Health may allow," permits an arbitrary discrimination by the Commissioner of Health and is therefore inoperative and void.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Judgment affirmed.

*John B. Jones,* for Plaintiff in Error;

*John S. Beard,* for Defendant in Error.

BROWNE, C. J.—Chris Thiesen arrested for alleged violation of an ordinance of the City of Pensacola, was discharged on *habeas corpus* proceedings, and the city takes writ of error to this court. The defendant in error contends that the ordinance under which he was held in custody is void in that it vests an arbitrary discriminatory power in the Commissioner of Health of the city.

The provisions of Section 1 and Section 6, taken together, bring the ordinance under the ruling in Ex Parte Thiesen, 30 Fla. 529, 11 South. Rep. 901, and other cases upon this subject. Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. Rep. 1064; Cicero Lumber Co. v. Town of Cicero, 176 Ill. 9, 51 N. E. Rep. 758.

The first part of Section 1 provides "That every house and building located within the limits of the City of Pensacola, however used or occupied, shall be provided with a sanitary privy that shall be connected with a sewer as provided by existing ordinances." The rest of the section provides how privies shall be constructed in case they are not connected with a sewer.

Section 6 provides for the inspection of privies "and when it is found that any premises are not provided with the requisite privy, or that the same is in bad order, unsanitary or does not otherwise conform to any provisions of this ordinance," notice is to be served on the owner, agent or occupant commanding him that the premises be provided with a privy conforming to the requirements of the ordinance or as shall be approved by resolution of the commissioners. The section ends with these words: "It shall be unlawful for any person to fail to comply with such notice within fifteen days after date of its service, or within such further time as the Commissioner of Health may allow."

Section 1 is attacked because it requires "every house or building  *  *  *  however used or occupies" to have a specially connected or constructed privy. This would require churches, garages, barns, warehouses, stables, stores or any other "building" to be "provided with a sanitary privy  *  *  *  connected with a sewer," if there be one adjacent to the premises.

To avoid the unreasonableness of this requirement, counsel for the city urges the petition does not "contain allegations of fact sufficient to show that it was not the intention only to require houses and buildings that were used or occupied for human habitation to be provided with privies."

This strengthens the attack on the ordinance on the ground that under it the city could exercise an arbitrary discrimination between persons otherwise in similar circumstances. If the ordinance does not mean what it says, and the words "every house and building" mean only such houses and buildings as the Commissioner of Health, through policemen, sanitary inspectors or other agents of the city, or the City Commissioners may intend to apply it to, and if after deciding which class of buildings these officials may decide to apply it to, the Commissioner of Health may enforce it within fifteen days as to some, and indefinitely extend it as to others, this would be a substitution of arbitrary discrimination for the reign of law.

In City of Baltimore v. Radecke, quoted from approvingly by the Supreme Court of the United States in Yick Wo v. Hopkins, *supra,* the court held an ordinance void that required a person before operating a steam engine in the city, to procure from the mayor and city council a permit that contained a condition that the engine was "to be removed after six months' notice to that effect from the mayor." It is true that the court held that a steam engine erected and used in the midst of a populous city was not in itself a nuisance, but it held the ordinance void on the grounds upon which the Pensacola ordinance is attacked. The court said: "In fact, an ordinance which clothes a single individual with such power, hardly falls within the *domain of law,* and we are constrained to pronounce it inoperative and void. Resting our decision as to the invalidity of this Ordinance on this ground, we shall not consider the question whether it is also void as an unauthorized delegation of a public power or trust."

4—Vol. 78.

The ordinance of the City of Pensacola permits an arbitrary discrimination by the city authorities, both as to the class of "buildings" in which privies must be installed, and as to the time when the penalty provided by the ordinance shall be imposed, and is inoperative and void. The judgment of the lower court is affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., concurs in the conclusion.