98 So.2d 501 (1957)
Sidney COLEN, Appellant,
v.
SUNHAVEN HOMES, Inc., Appellee.
Supreme Court of Florida.
November 27, 1957.
*502 Harold A. Kooman and Herman W. Goldner, St. Petersburg, for appellant.
Wm. C. Kaleel, St. Petersburg, for appellee.
D. CARROLL, District Judge.
This is an appeal from a final decree of the Circuit Court of Pinellas County, Florida, granting appellee's motion to dismiss appellant's complaint.
In his complaint appellant alleges that he is a builder and developer buying tracts of land in Pinellas County and subdividing them and building homes upon them which he has sold and offered for sale to the public; that he owns considerable land lying within a certain described area in Pinellas County adjacent to but outside the limits of the City of St. Petersburg, which area is subject solely to the control of the Board of County Commissioners of that county; that on November 29, 1955, this area, being without any sewage disposal system, the Board of County Commissioners passed a resolution granting him the exclusive right to use all county streets, alleys, and public rights of way necessary to install a sanitary sewage disposal system and a water distribution system to serve the area; that appellant accepted this grant contained in the resolution and has fully complied with all its terms; that he has completed in the area a water plant and built a modern sewage disposal plant; that appellee is the owner of certain tracts of land lying within the area in which appellant has the exclusive right to install sewer and water lines, which lands appellee has been subdividing and developing; that appellee has engaged in negotiating with appellant for the furnishing of water and sewer lines but appellee has now notified appellant that it will not enter into such an agreement with him; that appellee is now itself laying sewer pipe in certain easements and streets in the area and, unless restrained, will continue to lay sewer lines and water pipes in the area; that appellant holds the exclusive right to use all county streets, alleys, and public rights of way in the area and that appellee's actions are in direct violation of the rights given appellant under the resolution by the Pinellas County Board of County Commissioners. Appellant then prayed for an injunction to *503 restrain appellee from laying any water pipes and sewer lines in, under, or upon any of the county streets, alleys, or public rights of way within the area.
To this complaint appellee filed a motion to dismiss on the ground that the complaint failed to allege a cause of action enforceable against it. At the hearing on the motion the Circuit Court entered a final decree granting the appellee's motion to dismiss with prejudice and finding that the resolution granting the exclusive franchise to the appellant by the Board of County Commissioners was without authority.
Appellant relies chiefly upon Chapter 29437, Laws of Florida, Special Acts of 1953, as the source of the authority to the Board of County Commissioners to grant the exclusive franchise to appellant. Section 1 of this Chapter provides in part:
"The Board of County Commissioners of Pinellas County is hereby authorized and empowered to supervise and control the methods and means of providing for disposal of drainage, sewage, refuse or waste material or for the treatment of sewage, waste or refuse by any person, group, firm, corporation, company, public or private institution, entity or community within Pinellas County and outside the corporate limits of any municipality, as said Board deems advisable; to provide for the planned development of sewers, sewage and waste material disposal or treatment within said County as said Board deems advisable; to protect the public health and general welfare of Pinellas County thereby; to cooperate with all other governmental agencies and entities towards the accomplishment of the purposes herein; to establish by proper resolution such reasonable rules, regulations and/or codes as the Board deems necessary to carry out the purposes of this Act, including, but not exclusively the issuance of permits, and conducting of inspections, the determination as to whether a nuisance does exist or reasonably may come into existence and the issuance of such orders as the Board deems necessary and proper to correct such improper conditions as are found to exist; to prescribe such requirements relative to the use, development and improvement of subdivisions and/or other property and filing of plats as are necessary to carry out the purposes of this act; and to do all other acts and things necessary and proper to carry out the purposes of this Act."
Section 3 of the Chapter provides:
"The purposes of this Act are declared to be proper public County purposes and the provisions of this Act shall be liberally construed in order to protect the health and general welfare of Pinellas County."
The question for determination in this appeal is the validity of the exclusive franchise purportedly granted by the resolution of the Board of County Commissioners on November 29, 1955. The answer to this question turns on whether or not Chapter 29437, Laws of Florida, Special Acts of 1953, should be construed as effectively authorizing the Pinellas County Commission to grant such an exclusive franchise.
It is well settled that a county acting through its Board of County Commissioners is empowered to exercise only such authority as may be delegated to it under the Constitution or by statutory grants. Florida Constitution, Article VIII, Sec. 5, F.S.A.; Gessner v. Del-Air Corp. 154 Fla. 829, 17 So.2d 522; Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638. As such, counties occupy a position analogous to that of municipalities, being limited to, and dependant upon, Legislative enactment as the basis of their authority.
It is also well settled that a county or municipality has no power to grant an exclusive franchise to a public service corporation to use the streets, unless, "the *504 power not only to grant a franchise but also to grant an exclusive franchise has been delegated to it by the Legislature either expressly or by necessary implication". McQuillin, "Municipal Corporations," 3rd Ed., Vol. 12, p. 81. To the same effect see Capitol City Light & Fuel Co. v. City of Tallahassee, 42 Fla. 462, 28 So. 810; State ex rel. Landis v. Rosenthal, 109 Fla. 363, 148 So. 769; State ex rel. Biscayne Stevedoring Co. v. Turner, 143 Fla. 424, 196 So. 816, and Florida Cent. & P.R. Co. v. Ocala St. & S.R. Co., 39 Fla. 306, 22 So. 692, for Florida holdings.
It is also generally held that the strict rules of statutory construction greatly limit if not exclude, an inferred authority to grant an exclusive franchise. The Supreme Court of the United States in the case of Freeport Water Co. v. City of Freeport, Ill., 180 U.S. 587, 21 S.Ct. 493, 497, 45 L.Ed. 679, held: "The power of a municipal corporation to grant exclusive privileges must be conferred by explicit terms. If inferred from other powers, it is not enough that the power is convenient to other powers; it must be indispensable to them". See also Knoxville Water Co. v. City of Knoxville, 200 U.S. 22, 26 S.Ct. 224, 50 L.Ed. 353, and Water, Light & Gas Co. v. City of Hutchinson, 207 U.S. 385, 28 S.Ct. 135, 136, 52 L.Ed. 257, and Pond, "Public Utilities", Vol. I, Chap. 8.
Appellant relies primarily upon the decision of this court in Miami Beach Airline Service v. Crandon, 159 Fla. 504, 32 So.2d 153, 172 A.L.R. 1425, in which an exclusive franchise granted by the Dade County Commission acting as the Dade County Port Authority was sustained. In this case the power of the Port Authority to grant an exclusive franchise for the receiving of passengers at the Miami International Airport was in question. The Dade County Port Authority was created by Chapter 22963, Laws of Florida, Special Acts of 1945, and given by that enactment a broad general authority to undertake the operation of the airport and other like transportation facilities in the county. The Legislature empowered the Authority to "Construct, operate and maintain airports, terminals and other transportation facilities" within the county and expressly authorized the "execution of agreements and contracts with common carriers to carry out the purposes of the act." In this case the Legislature empowered the Port Authority to undertake the actual operation of one of the world's largest airports, and as such to undertake an affirmative nongovernmental function, proprietory in nature, in the name of the county. It is this distinguishing feature of the nature of the Legislative delegation of authority that sets this case apart from the general rule. The Port Authority was authorized to delegate by exclusive franchise that which it could have exclusively done itself on its own account. It was also pointed out in that opinion that the Legislature would hardly empower the Port Authority to operate such a gigantic facility and still clothe that Authority with less than sufficient power to carry out its purpose, in like manner as a private enterprise. Therefore this case turned upon the nature of the Legislative delegation, with the court recognizing the clear intent of the Legislative expression and giving it full force and effect. This Miami Beach case does not abrogate the general rule earlier discussed that the power to grant an exclusive franchise must be conferred either expressly or by necessary implication, for this court in that case held in effect that the authority to grant the exclusive franchise was conferred by necessary implication. In the instant case we do not consider the authority to grant an exclusive franchise to the appellant was necessarily implied. Such authority was certainly not expressly granted. Chapter 29437, Laws of Florida, Special Acts of 1953, confers upon the Board of County Commissioners of Pinellas County the *505 power "to supervise and control", but the Commission was neither directed nor authorized to undertake the responsibility for providing sewage disposal on its own account. It is automatic that power unpossessed can be neither exercised nor delegated. The rule which we apply in the instant case is consistent with fundamental public policy which dictates that the authority to grant exclusive franchises inherently creating monopolistic privileges vested solely in the sovereign may be delegated only by express terms or by necessary implication.
Appellant further contends that sections 125.42 and 338.17, Florida Statutes 1955, F.S.A., which authorize the counties of Florida to issue licenses for the laying of water lines and the use of rights of way for public utilities, grant the several counties authority to issue exclusive franchises. The authority to grant a license is not per se the authority to make it exclusive.
It follows that the judgment of the Circuit Court in finding no authority in the Pinellas County Commission to grant the exclusive franchise to appellant was correct and should be and it is affirmed.
TERRELL, C.J., and HOBSON, DREW and O'CONNELL, JJ., and WIGGINTON, District Judge, concur.