[Civ. No. 7231.   Fourth Dist.   Feb. 26, 1964.]

HERBERT N. HOLBROOK et al., Plaintiffs, Cross-defendants and Appellants, v. CHARLES TELESIO et al., Defendants, Cross-complainants and Respondents.

Herbert N. Holbrook, Evelyn R. Holbrook, in pro per., Earle K. Stanton, Harelson, Enright, von Kalinowski & Levitt and Jack R. Levitt for Plaintiffs, Cross-defendants and Appellants.

Sachse & Price and Franz R. Sachse for Defendants, Cross-complainants and Respondents.

BROWN (Gerald), J.—In 1956 a judgment was entered in favor of Charles Telesio and his wife Elizabeth Telesio, defendants, cross-complainants and respondents herein (hereinafter referred to as respondents) that they owned an easement by prescriptive right over the land of Herbert N. Holbrook and his wife Evelyn Holbrook, plaintiffs, cross-defendants and appellants herein (hereinafter referred to as appellants). Thereafter appellants and respondents became involved in numerous disputes over the use of the easement. In 1960, appellants filed an action asking to have the exact nature of the easement declared, an injunction against the wrongful use of the easement, and damages. After several days of trial counsel announced in open court a stipulated settlement. By the terms of the settlement there were to be several transfers of property. Included were transfers to and from one Winzurk, a non-party, who agreed in open court to cooperate in the settlement. The respondents were to be given a new easement, a "legal and secure means of access from their real property to public roads in San Diego County," and their prescriptive easement was to be quitclaimed to appellants. The trial was continued to permit the parties to execute the necessary conveyances. Although respondents and the non-party Winzurk executed the necessary conveyances, the appellants refused.

Respondents' motion for an order directing compliance with the settlement was granted. The court also authorized the filing of a supplemental cross-complaint by respondents in the event plaintiffs failed to comply with the order. Upon plaintiffs' refusal to comply with the order, the cross-complaint was filed, trial was had thereon and judgment was entered directing appellants to carry out the settlement and providing for the execution of required instruments by court commissioners if necessary.

Under the terms of the settlement respondents were to receive a new easement running from their property to a 60-foot wide easement reserved for road purposes on a Record of Survey Map filed pursuant to section 11535 of the Business and Professions Code. This easement leads to a dedicated county road. The center line of the 60-foot easement is the boundary line between appellants' property and that of one Stretton. The easterly 30 feet of the easement is on Stretton's property. The westerly 30 feet is on appellants' property.

Appellants contend: That respondents cannot gain "legal and secure access from their real property to the public roads of San Diego County," except by traversing this 60-foot easement; that Stretton is half owner of this easement; that the court did not have jurisdiction over either Stretton or his property; that the judgment is therefore void since it affects the property rights of one not a party to the action and will involve appellants in further litigation with their neighbors.

The vital flaw in appellants' contentions lies in the characterization of the 60-foot road easement as being half owned by Stretton. This is literally true. Stretton does own the underlying fee to the easterly one-half of the easement. However, in their brief the appellants treat the 60-foot easement as though Stretton and appellants owned the right-of-way in fee as tenants in common. If that were true Stretton might have good reason to object to the use of any part of the road easement by respondents. However, both the Record of Survey Map, upon which the easement is platted, and Stretton's deed describe the 60-foot right-of-way as a mere easement.

We can find nothing in the record indicating that the easement was to be exclusive. An easement is not to be treated as an exclusive easement unless the parties clearly express an intent to that effect. In *City of Pasadena* v. *California-Michigan etc. Co.*, 17 Cal.2d 576, 578-579 [110 P.2d 983, 133 A.L.R.

1186], it is said: "No intention to convey [an exclusive easement] . . . can be imputed to the owner of the servient tenement in the absence of a clear indication of such an intention." ■ Certainly no clear expression of an intent to create an exclusive easement is to be found here. Thus, appellants, as the servient tenants of this westerly 30 feet of the nonexclusive 60-foot easement can grant additional easements over this portion of the right-of-way so long as they do not unreasonably interfere with the original easement. (*City of Pasadena* v. *California-Michigan etc. Co., supra.*) The easement is unusually wide for a rural easement and the nonexclusive reservations of the right to dedicate the easement by Stretton's grantors indicates that some consideration has been given to making this easement a public road. Under these circumstances the use of a portion of this easement, by a single landowner, would not constitute an unreasonable burden. Thus, respondents can be provided with a "legal and secure means of access . . . to the public roads of San Diego County" via the westerly one-half of the 60-foot road easement without affecting either Stretton's personal or property rights. Consequently jurisdiction over Stretton or his property is not necessary.

It is noted that as part of the settlement respondents were to receive a parcel of land appurtenant to the 60-foot road easement shown on the record of survey map. It is clear that respondents have the right to use the 60-foot easement for the benefit of this parcel but may not use the full 60-foot road easement for the benefit of the remainder of their adjacent lands. However, the fact that respondents do have a right to use the full 60-foot road easement for this limited purpose militates against the possibility that Stretton may complain about the use of the portion of the 60-foot easement to serve the remainder of respondents' lands. Indeed Stretton may find it far more advisable to permit the use of the full width of the easement by respondents, though the judgment does not require him to do so, rather than become embroiled in the tangles of the litigation which have ensnared the parties hereto. ■ In any event a compromise can only affect the rights of the parties thereto or those in privity with them. (*People's Home Sav. Bank* v. *Rickard,* 139 Cal. 285 [73 P. 858]; *Kline* v. *Mohr,* 142 Cal. 673 [76 P. 650]; and *Richman* v. *San Francisco etc. Railway,* 180 Cal. 454 [181 P. 769].) ■ Since Stretton was not a party, his rights were unaffected by the settlement. His position, whatever it may be, may not be asserted by appellants.

It is said in 11 California Jurisprudence 2d, Compromise and Settlement, section 2, page 3:

"It is the policy of the law to discourage litigation and to favor compromises and voluntary settlements of doubtful rights and controversies, made either in or out of court. Accordingly, when such a settlement has been made, acted upon, or acquiesced in, the parties will not be permitted to violate the compact unless it be shown that it was entered into under circumstances of fraud or undue influence. . . ."

Here there has been no showing of fraud or undue influence. It is noted that at the time of the settlement both parties were represented by counsel. The settlement will not be disturbed.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied March 23, 1964, and appellants' petition for a hearing by the Supreme Court was denied April 22, 1964.