ALLEN, Judge.
The appellant city, defendant below, has appealed an adverse final judgment.
This controversy was previously before us in a case reported at 176 So.2d 384. The facts published in the opinion were substantially as follows:
The Cross-State Utilities Company brought suit against the City of Pinellas Park for a declaratory decree and an injunction. The injunction sought to halt the expansion by the city of its water and sewer facilities into an area in which the utility company claimed an exclusive contract with Pinellas County to provide such services. The city moved for summary judgment and the utility company did not. The Circuit Court of Pinellas County entered summary judgment for the utility company, and the city appealed.
This court held that the ambiguous language in the contract as to whether it was exclusive or not, and the conflicting affidavits presented by both parties raised fact issues which precluded an entry of summary judgment.
In the body of the opinion in City of Pinellas Park v. Cross-State Utilities Co., Fla.App.1965, 176 So.2d 384, 386, we find the following language:
“* * * The city did not plead as a defense lack of statutory authority in the county to contract with Cross-State for the exclusive franchise. However, the record reveals that the court made a specific finding of the existence of such authority. Now, upon appeal, the city contends a lack of such authority and Cross-State asserts the question was not raised at the hearing and thus should be ignored on appeal. Therefore, the record reveals a defense not plead nor argued. * * * ”
Subsequent to the reversal by this court, the defendant city amended its answer to the complaint; filed a motion for summary judgment, which was denied; filed a motion for an order adding Pinellas County as a necessary party to the suit, which was granted; and then had the case set for a non-jury trial. After hearing testimony and arguments by counsel for the parties, the court made certain findings of fact and conclusions of law and entered the final judgment here appealed.
The chancellor in his findings of fact said that the county did have authority to grant an exclusive franchise and based his finding on Chapter 153, Fla.Stats., Part 1, entitled “County Water System and Sanitary Sewer Financing Law.” More specifically, the finding was based on § 153.03(6), which provides:
“To make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this chapter and to employ such consulting and other engineers, superintendents, managers, construction and accounting experts and attorneys and such other employees and agents as it may deem necessary in its judgment and to fix their compensation;”
The Supreme Court of Florida has said in Colen v. Sunhaven Homes, Inc., Fla.1957, 98 So.2d 501, 503:
“It is * * * well settled that a county or municipality has no power to grant an exclusive franchise to a public service corporation to use the streets, unless, ‘the power not only to grant a franchise but also to grant an exclusive franchise has been delegated to it by the Legislature either expressly or by necessary implication’. McQuillin, ‘Municipal Corporations,’ 3rd Ed., Vol. 12, p. 81. To the same effect see Capitol City Light & Fuel Co. v. City of Tallahassee, 42 Fla. 462, 28 So. 810; State ex rel. Landis v. Rosenthal, 109 Fla. 363, 148 So. 769; State ex rel. Biscayne Stevedoring Co. v. Turner, 143 Fla. 424, 196 So. 816, and Florida *706 Cent. & P. R. Co. v. Ocala St. & S. R. Co., 39 Fla. 306, 22 So. 692, for Florida holdings.
“It is also generally held that the strict rules of statutory construction greatly limit if not exclude, an inferred authority to grant an exclusive franchise. The Supreme Court of the United States in the case of Freeport Water Co. v City of Freeport, Ill., 180 U.S. 587, 21 S.Ct. 493, 497, 45 L.Ed. 679, held: ‘The power of a municipal corporation to grant exclusive privileges must be conferred by explicit terms. If inferred from other powers, it is not enough that the power is convenient to other powers; it must be indispensable to them’. See also Knoxville Water Co. v. City of Knoxville, 200 U.S. 22, 26 S.Ct. 224, 50 L.Ed. 353, and Water, Light & Gas Co. v. City of Hutchinson, 207 U. S. 385, 28 S.Ct. 135, 136, 52 L.Ed. 257, and Pond, ‘Public Utilities’, Vol. 1, Chap. 8.”
The principal distinction between the Colen case, supra, and the case sub ju-dice is, of course, the fact that the former dealt with a special act of the Legislature and we are here concerned with a general act. We think, however, that the principles of law expressed in the Colen case should apply to the instant case with the same force and effect. After a careful study of Chapter 153 of the Florida Statutes, F.S.A., we find no express authority whereby Pi-nellas County could have granted an exclusive franchise to the Cross-State Utilities Company, nor do we feel that the authority was delegated by necessary implication.
The court, in its findings of fact and conclusions of law, found that the appellant city had not presented to the court or entered into evidence a resolution or ordinance showing that they chose to exercise the powers granted to them under Chapter 180, Fla.Stats., as required by § 180.03, Fla. Stats., F.S.A. The court also found that Cross-State Utilities Company had constructed and was operating and maintaining its own water and sewer systems in the territory immediately adjacent to the municipality, City of Pinellas Park. And further, that the utility company had not consented to the construction of a system, work, project or utility within the franchise area by the appellant city.
Based on the above findings, the court concluded that Pinellas Park did not have the authority to create a zone or area extending five miles from the corporate limits for the purpose of constructing, operating or maintaining a sewer or water system therein, nor could the city construct any water or sewer system, work, project or utility in the franchise area by virtue of the prohibition of § 180.06, Fla.Stats., F.S.A., which provides in pertinent part as follows:
“ * * * provided, however, that a private company or municipality shall not construct any system, work, project or utility authorized to be constructed hereunder in the event that a system, work, project or utility of a similar character is being actually operated by a municipality or private company in the municipality or territory immediately adjacent thereto, unless such municipality or private company consents to such construction.”
The court thereupon entered its final judgment enjoining Pinellas Park from any further expansion of its sewer or water systems or facilities within the franchise area of the appellee.
 It is elementary in our system of jurisprudence that where a case is tried before a trial judge without the intervention of a jury, the conclusion he reaches has the weight of a jury verdict. 2 Fla. Jur. Appeals, § 346. And, absent a showing that his findings were clearly erroneous, said findings will not be disturbed on appeal.
Thus, even though we have concluded that there was no authority delegated to Pinellas County to enter into an exclusive franchise agreement with Cross-State Utilities Company, this in no way would affect the final judgment of the lower court be *707 cause City of Pinellas Park failed to comply with the provisions of Chapter 180, Fla. Stats., F.S.A. Therefore, the judgment of the lower court is affirmed.
Affirmed.
LILES, C. J., and PIERCE, J., concur.