DOWNEY, Chief Judge.
The focal issue involved in this appeal is whether an exclusive concession contract between the United States of America, United States Fish & Wildlife Service, Department of Interior and appellant, Loxa-hatchee Recreation, Inc., is valid so as to preclude any other person from operating a concession in the geographical area covered by said exclusive contract. The question arose as a result of a suit for injunction and damages brought by appellant to enjoin appellee from acting as a concessionaire in an area which appellant claims is subject to its exclusive franchise. The trial court denied the relief prayed for and this appeal ensued. We reverse for the reasons hereafter set forth.
A somewhat detailed resume of the background of the case is necessary to a complete understanding of the controlling facts. Thus, in 1951 and 1952 an agency of the United States Department of the Interior entered into contracts with the predecessor of the South Florida Water Management District[1] pursuant to which the Department, or one of its agencies, was granted a license for the use of Conservation Areas One and Two as a wildlife refuge or management area. Then in 1959 the federal agency and the Florida Game and Fresh Water Fish Commission entered into a contract entitled, “Cooperative Agreement,” which recited that in 1951 the federal agency obtained a license from the South Florida Water Management District for the use of Conservation Area One for a wildlife management area and in 1952 the Game and Fresh Water Fish Commission entered into a similar agreement with the South Florida Water Management District for the use of Conservation Area Two. The contract provided that the federal agency would enter into a joint concession agreement with a third party (subject to the approval of the State of Florida and the South Florida Water Management District), which would be exclusive within the designated area. Such authority providing for recreational facilities was derived from Chapter 25209, Laws of Florida (1949). Pursuant to this chapter the flood control districts were created for flood control, reclamation, conservation and allied purposes. Said “allied purposes” enabled the districts to cooperate with the United States providing for “public health and welfare, or for public safety, utility and benefit.” Thereafter in 1961 the federal agency entered into a contract with appellant which is the basis for this litigation. That contract granted appellant an exclusive right to op *239 erate recreational facilities, including food, drink, boating and fishing services and wildlife tours, in the designated area. It was specifically provided that no other parties would be granted concession rights therein during the period of the contract. Appellant was required thereunder to erect at its own expense buildings, parking facilities, boat ramps and numerous other improvements. For this franchise appellant agreed to pay a stated fee to the federal agency, plus a percentage of its annual gross income.
In August 1976 appellant brought this suit for injunction and damages against Ap-pellee-Butch Harrison,[2] alleging, among other things, that appellant had a contract giving it the exclusive right to operate concessions in Conservation Areas I and II and that appellee without authority was also operating concessions in said areas. It was alleged that appellee was substantially interfering with appellant’s contract rights, depriving appellant of revenues and that appellant feared any attempt to prevent appellee from so operating might result in violence. After a trial by the court the judgment complained of was entered in which the court denied the request for injunction and damages on the ground that “the public agencies involved are subject to the principle that ‘the authority to grant exclusive franchises inherently creating monopolistic privileges vested solely in the sovereign may be delegated only by express terms or by necessary implication’ . and in the present case it is found that such authority was neither expressly granted nor necessarily implied.”
Appellant contends the trial court erred in refusing the injunction because the rule relied upon applies only to exclusive franchises granted for the exercise of governmental function. See Colen v. Sunhaven Homes, Inc., 98 So.2d 501 (Fla.1957), relied on by the trial court. Appellant argues, however, that the franchise involved herein is for the performance of a proprietary function and thus a different rule applies. See Miami Beach Airline Service, Inc. v. Crandon, 32 So.2d 153 (Fla.1947).
On the other hand, it is appellee’s position that the judgment is correct in holding the exclusive franchise invalid because the main functions of the governmental agencies involved are flood control and drainage, which are governmental functions, and the recreational facilities are merely incidental. Thus, appellee believes the court applied the correct rule of law to the factual situation. Appellee contends that no one has pointed to any authority, statutory or otherwise, authorizing the granting of the exclusive franchise involved herein.
The source of the authority for the contract in question is derived from specific federal and state statutes. The South Florida Water Management District is the authority designated by the Florida Legislature to operate and maintain the areas in question. Chapter 25214, Laws of Florida (1949). Pursuant to that authority the District created Conservation Areas One, Two and Three. Section 378.07, Florida Statutes (1951), authorized the District to enter into Cooperative Agreements with the United States, State of Florida, or any Agency or Department thereof, for carrying out the purposes of the Act. In 1951 and 1952 the District granted licenses to the United States Department of Interior or its agencies for use of Conservation Areas I and II as a wildlife refuge.[3] In 1952 the District licensed the Florida Game and Fresh Water Fish Commission to establish a State Wildlife Refuge in said areas. Section 460K, U.S.C.A., authorized the Secretary of the Interior to provide recreational facilities in areas within the National Wildlife Refuge System.[4] Finally, Section 378.07, supra, *240 granted the Commission authority to enter into cooperative contracts with the United States to effectuate the purposes of that chapter. Armed with the foregoing legislative authority, State and Federal, the exclusive concession contract involved herein was negotiated.
In our opinion the foregoing demonstrates adequate legislative authority for the parties to enter into the exclusive contract in question if the subject matter thereof is proprietary rather than governmental. We would concede, as appellee contends, that the original purpose behind the establishment of the Water Management District was flood control, a governmental function. However, the secondary purpose of furnishing recreational facilities is just as clearly a proprietary function[5] and we see no reason why the latter cannot be ancillary to the former.
If the foregoing conclusions are correct, the appellant was entitled to the assistance of the Court in protecting its exclusive contract and the trial court erred in denying its prayer for injunctive relief. Accordingly, we reverse the judgment appealed from and remand the cause to the trial court with directions to grant appellant injunc-tive relief and for further proceedings on the question of damages.
REVERSED AND REMANDED, with directions.
ANSTEAD and DAUKSCH, JJ., concur.

. The Central & Southern Florida Flood Control District.

.Other defendants, The United States of America, Florida Fish & Game Commission and Allen C. Clark, Tax Collector of Palm Beach County, though initially named were dropped prior to trial.

. Conservation Areas I and II are a part of the National Wildlife Refuge System.

. The policy and reasons therefor of the Congress of the United Sates are clearly set forth in Section 460K, U.S.C.A.:
*240 “In recognition of mounting public demands for recreational opportunities on areas within the National Wildlife Refuge System, national fish hatcheries, and other conservation areas administered by the Secretary of the Interior for fish and wildlife purposes; and in recognition also of the resulting imperative need, if such recreational opportunities are provided, to assure that any present or future recreational use will be compatible with, and will not prevent accomplishment of, the primary purposes for which the said conservation areas were acquired or established, the Secretary of Interi- or is authorized, as an appropriate incidental or secondary use, to administer such areas or parts thereof for public recreation when in his judgment public recreation can be an appropriate incidental or secondary use; . . 16 U.S.C.A. at p. 748.

. Miami Beach Airline Service v. Crandon, 32 So.2d 153 (Fla.1947); St. Joe Natural Gas Co. v. City of Ward Ridge, 265 So.2d 714 (Fla. 1st DCA 1972); Panama City v. Seven Seas Restaurant, 180 So.2d 190 (Fla. 1st DCA 1965).