PER CURIAM.
We affirm the judgment under review entered in favor of City Gas Company of-Florida upon holdings that (1) the agreement between the developer and Consolidated Gas Company of Florida, which (a) gave to Consolidated “an exclusive franchise” to “install and maintain gas tanks, gas lines, appliances and appurtenances” in the developed subdivision did not create an easement or property right in the land enforceable by Consolidated against City Gas Company, see Colen v. Sunhaven Homes, Inc., 98 So.2d 501 (Fla.1957); Leonard v. Baylen Street Wharf Co., 59 Fla. 547, 52 So. 718 (1910); St. Joe Natural Gas Co. v. City of Ward Ridge, 265 So.2d 714 (Fla. 1st DCA 1972); North Dade Water Co. v. Florida State Turnpike Authority, 114 So.2d 458 (Fla. 3d DCA 1959); G.W. Thompson, Thompson On Real Property § 295 at 644 (1980 replacement); see generally Loxahatchee Recreation, Inc. v. Harrison, 367 So.2d 237 (Fla. 4th DCA 1979), and (b) gave to Consolidated a “perpetual right-of-way easement” did not create an “exclusive right-of-way easement,” see Holbrook v. Telesio, 225 Cal.App. 152, 37 Cal.Rptr. 153 (1964) (the grant of an exclusive easement must be clearly stated); see also Jabour v. Toppino, 293 So.2d 123 (Fla. 3d DCA 1974); Claughton Hotels, Inc. v. City of Miami, 140 So.2d 608 (Fla. 3d DCA 1962); and (2) in the absence of an easement specifically and clearly stated to be exclusive, City Gas Company of Florida, a public utility granted statutory easement rights, is privileged to use the servient land in any manner not inconsistent with the limited use vested in the easement owner, cf. City of Pasadena v. California-Michigan Light & Water Co., 17 Cal.2d 576, 110 P.2d 983 (1941) (grant to city of non-exclusive easement for the installation of water pipes did not preclude grant to another water company of similar rights in easement).
Affirmed.